Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3205 | **DATE** | 6/14/2013 |
| **CASE TITLE** | Robertson vs. Lofton, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand this case to state court [11] is denied for the reasons explained below. The court sets the following briefing schedule for Defendants' motion to dismiss and for a more definite statement [17]: Plaintiff's response due 7/12; Defendants' reply due 7/26. Ruling by mail. Plaintiff's motion for extension of time [21] is granted.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Deidre Robertson sued Defendants Susan Lofton and Chicago Public Schools ("CPS") in the Circuit Court of Cook County. Her initial pro se complaint was filed in August 2012. After the state court gave her leave to amend her complaint, she alleged in a nine-count Amended Complaint, filed January 28, 2013, that Defendants violated her civil rights under the Fourteenth Amendment, Title VII, and the Civil Rights Act of 1971, and also asserted various state-law claims. Defendants removed the action to this court on the basis of federal question jurisdiction on April 29, 2013. Ms. Robertson now moves to remand the case to state court, arguing that the removal was untimely.

A defendant may remove a state-court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Ordinarily, a notice of removal must be filed within thirty days after the defendant receives a copy of the initial pleading in a case. 28 U.S.C. § 1446(b). The statute further provides, however, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. The right of removal can be waived by failing to timely remove a case if the defendant is on notice of the existence of federal subject matter jurisdiction. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965-66 (7th Cir. 1982) (holding that the time period for removal was not revived when the plaintiff added new federal claims to a complaint because the original complaint contained allegations of constitutional violations which made the case removable at its inception).

Ms. Robertson argues that Defendants' removal of this action was untimely for two reasons. She first argues that the original complaint gave Defendants notice that there were federal questions at issue because she alleged that she was harassed because of her race. Alternatively, she argues that her Amended Complaint was filed on January 28, 2013, three months before removal. Defendants respond that the original complaint asserted only state-law claims, that service of the Amended Complaint was done by email on April 1, 2013, and that they

## STATEMENT

timely removed the action to this court on April 29, 2013, within 30 days of removal.

Ms. Robertson filed her original pro se complaint on August 30, 2012. The cover sheet indicates that the "case type" is "libel/slander." (Resp. to Mot. to Remand Ex. A (Compl.), ECF No. 16-1.) The complaint cites under the heading "Applicable Law" the "Abused and Neglected Child Act" and the "Agreement between the Board of Education of the City of Chicago and the Chicago Teachers Union." The complaint states that Ms. Robertson was subjected to accusations of child abuse that were unfounded, that she was suspended, and that CPS issued a public proclamation that she committed a serious violation. (*Id.*) It also states that Defendant Lofton mistreated and lied about teachers at Senn High School and harassed Ms. Robertson, in part because she was African American. Specifically, the complaint states that "Lofton subjected African-Americans (especially Plaintiff) to more harsh discipline than other races or colors, frequently resulting in African-Americans receiving suspensions or discipline for engaging in conduct for which other races or colors were not disciplined or terminated." (*Id.*)

The court finds that the federal claims are not apparent from the face of the original complaint, because the complaint alleged state-law claims of slander and defamation and referenced no federal cause of action. Although Ms. Robertson alleged that she was harassed because of her race, that allegation followed a reference to the "Agreement between the Board of Education of the City of Chicago and the Chicago Teachers Union," which states that "there should be no discrimination against any teacher . . . on the basis of race." (*Id.*) Thus, it was not obvious that this allegation supported a federal claim. Furthermore, Ms. Robertson did not attach or refer to an EEOC charge in her complaint, which would have indicated that she was pursuing a Title VII claim. Defendants were not required to prematurely remove the case where it was unclear that federal jurisdiction existed. Therefore, the filing of the original complaint did not trigger the thirty-day time period for removal.

As to the issue of when Defendants were served with the Amended Complaint, a state-court case management order dated March 20, 2013, indicates that a status hearing on Defendants' motion to dismiss the *original* complaint, filed on December 14, 2012, was scheduled for April 17, 2013. (Resp. to Mot. to Remand Ex. B (Order Mar. 20, 2013).) This supports Defendants' argument that they were not aware that an Amended Complaint was filed on January 28, 2013. Defendants also submit an affidavit from attorney Tara Grimm stating that she was not served with an Amended Complaint in January 2013. (Resp. to Mot. to Remand Ex. C (Grimm Aff.).) On April 1, 2013, Ms. Robertson's attorney emailed Defendants' counsel a copy of the Amended Complaint, stating, "Apparently this document was filed in January with the Clerk of the Circuit Court but Ms. Grimm did not receive her copy." (Resp. to Mot. to Remand Ex. F (Email Apr. 1, 2013).) A court order from April 17, 2013, indicates that the "Plaintiff [is] to provide all filed copies of appearances and motion by April 22, 2013." (Resp. to Mot. to Remand Ex. D (Order Apr. 17, 2013).)

Although Ms. Robertson argues that the Amended Complaint was on file with the Cook County Court as of January 28, 2013, there is no evidence that Defendants received the Amended Complaint before it was emailed to them by Ms. Robertson's counsel on April 1, 2013. According to Rule § 1446(b), the trigger for removal is the "receipt by the defendant" of an amended pleading demonstrating that an action is removable, not the filing of the document with the court. Because Defendants filed a notice of removal less than thirty days after receipt of the Amended Complaint, removal was timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). The court therefore denies Ms. Robertson's motion to remand the case to the Circuit Court of Cook County.