UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEIDRE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 CV 3205 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO; SUSAN A. | ) | |
| LOFTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application to proceed *in forma pauperis* [92] is granted. Plaintiff's motion for attorney representation [93] is granted. Attorney Terrence James Goggin of Goggin and Associates, 1100 Jorie Boulevard, Suite 255, Oak Brook, IL 60523 is appointed to assist Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). In the future, Plaintiff must comply with the court's presentment requirement, which requires that a motion "be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented." N.D. Ill. L.R. 5.3(b).

## STATEMENT

Plaintiff Deidre Robertson was a teacher at Nicolas Senn High School. Her thirteen-count complaint contains federal and state-law allegations against Senn's principal, Susan A. Lofton, and the Board of Education of the City of Chicago. On June 27, 2014, the court referred this case to Magistrate Judge Cole for discovery supervision and a settlement conference.

On July 25, 2014, the court granted Robertson's attorney's motion to withdraw from the case. Now before the court are Robertson's application to proceed *in forma pauperis* and her motion for attorney representation.

Robertson's application to proceed *in forma pauperis* states that she is not currently employed, earned under $21,000 in the last twelve months, and has less than $200 in cash or checking or savings accounts. The court concludes that she is financially eligible to proceed *in forma pauperis*.

Finally, Robertson's motion for attorney representation is granted. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford

counsel." Before granting a pro se plaintiff's request for court-appointed counsel, the court must determine whether the plaintiff made "a reasonable attempt to secure counsel." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Robertson's motion indicates that she has contacted six attorneys or firms seeking representation. The court concludes that Robertson has made a reasonable attempt to secure counsel.

Next, "the court must examine whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). "[T]here are no hard and fast rules for evaluating the factual and legal difficulty of the plaintiff's claims . . . . The inquiry into plaintiff competence and case difficulty is particularized to the person and case before the court." *Pruitt*, 503 F.3d at 655-56.

The court finds that Robertson's case presents diverse and complex issues of state and federal law such that an attorney is necessary to coherently present the case. Accordingly, the court grants Robertson's motion for attorney representation.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 5, 2014