

United States District Court
Northern District of Illinois
Eastern Division

FILED

JUL 2 2 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Deidre Robertson,
Plaintiff                    )

                        )

V.                        )

Susan Lofton and the Board of Education
of the City of Chicago        )

Case No. 13-cv-03205

Honorable Judge Joan B. Gottschall

Honorable Magistrate Judge Jeffrey Cole

## Plaintiff's Response to the Defendants Motion to Dismiss Complaint for Materially Misrepresenting Financial Status

Since the beginning of their accusations of child abuse, Susan Lofton and the Chicago Board of Education have lied and misrepresented the truth. In February, 2015, Susan Lofton and the Board's attorneys, Ms. Kathleen Gibbons and Mr. Richard Shippee, continued in that vain, having produced hundreds of pages of malicious and questionably fabricated documents. I had never seen most of these documents prior to my deposition, and the documents had never been placed in my employee personnel file which is a Chicago Public Schools protocol. Their documents accuse me of abusive behavior and actions toward children. In the hundreds of pages of documents, with one exception that Carter Carey wrote (for a non-English speaking parent), there were not any documents that indicated that parents were ever involved in or were aware of the alleged acts of child mistreatment. I was never made aware of their accusations, never disciplined by the Board for the alleged offenses, nor was I investigated by the Department of Children and Family Services for the claims in the Board documents. The Board's attorneys informed Mr. Terrence Goggin, my court appointed attorney, on the day prior to my initial scheduled deposition in February, 2015, that the documents had "just been discovered in an old file cabinet at the Senn Achievement Academy".

In their motion to dismiss my complaint for "materially misrepresenting (my) financial status", the attorneys for the Chicago Board of Education perpetuate their misrepresentation of the truth and attempt to deceive and commit fraud upon the court. Kathleen Gibbons and Richard Shippee have not been honest with the court about my employment status as a cadre. The Boards attorneys were in fact aware of the backstory involving my "termination" dates. I had been informed twice that my cadre position would end in 2014. The first notification came from my Chicago Teachers Union representative Lois Jones, on December 16, 2013. She informed me via email that my "cadre term would end on January 13, 2014" and that I would be "automatically be placed in day-to-day sub status". Thus, the expectation was that I would be terminated as a cadre (a substitute with full benefits and the guarantee of daily work assignments) and

demoted to a regular substitute teacher without benefits and without the guarantee of daily assignments. (See Exhibit A--December 16, 2013 email from Lois Jones to Deidre Robertson).

On January 23, 2014, my former attorney, Johnny Douglas, provided the second notification of termination. Mr. Douglas (blind) copied me on an email that he had sent to Enjoli Fletcher, the clerk of the Honorable Judge Joan B. Gottschall, stating that he had received "notice from Ms. [Kathleen] Gibbons that the Board has agreed to keep Ms. Robertson on the payroll as a cadre through June 30, 2014." That email was copied to the Board's attorneys, Kathleen Gibbons and Richard Shippee. (See Exhibit B--January 23, 2014 email from Johnny Douglas to Ms. Enjoli Fletcher, copied to Kathleen Gibbons and Richard Shippee).

Given the aforementioned information, I applied for unemployment benefits in the summer of 2014. The Board fought my unemployment claim and I was not given unemployment compensation. Moreover, in July, 2014, I completed an In Forma Pauperis application for legal representation. On the application I responded "no" to the question of being currently employed which was true. To my knowledge I had been terminated as of June 30, 2014. There was reasonable expectation to believe that I had been fired by the Board because I had received an email stating this. Thus, the Board's allegations that I "misrepresented my employment status" and that I was "materially misleading" regarding the fact that I did not have income on my July, 2014 In Forma Pauperis application is untrue.

In the most recent motion, the Board's attorneys have stated that I fired my two previously obtained private attorneys. This is true. In the status hearing held July 28, 2014, the Honorable Magistrate Judge Cole stated, "You can change a lawyer. It doesn't matter. Whatever reasons you have are your reasons." I concur with his sentiments.

Also, during the status hearing with the Honorable Magistrate Judge Jeffrey Cole on July 28, 2014, Board attorneys, Kathleen Gibbons and Richard Shippee, and my former attorney, Johnny Douglas, I stated that I asked Mr. Douglas to withdraw because he demanded money that he knew that I did not have. That was evidenced in an email that I sent to Attorney Douglas on July 3, 2014, (See Exhibit C-- July 3,

2014 email to Johnny Douglas). I requested Mr. Douglas to withdraw as my attorney because he requested $5000.00, as well as other things (prior to that date). I had previously paid him a retainer, and I could not afford to pay him additional monies. I searched for attorneys to represent me on a contingency basis, but I was unsuccessful because of the attorney's lien that Mr. Douglas placed on my lawsuit.

Furthermore, the accusation that I "omitted material information regarding (my) prior representation by privately retained counsel" is another example of the Board's misrepresentation of the truth. Attorney Deidre Baumann represented me at a fact finding conference at the Illinois Department of Human Rights in April, 2011, prior to my having filed my civil law suit against Susan Lofton and Chicago Public Schools in August, 2012. Attorney Baumann was not required to file an appearance for the lawsuit because there wasn't a lawsuit during the time that she assisted me. The Board attorneys were made aware of this information during my deposition. Therefore, the allegation that I "omitted material information regarding (my) prior representation by privately retained counsel" is another misrepresentation of the truth.

Additionally, the Board's motion alleges that I never missed a mortgage payment and that my car is paid in full. That information was requested, and I provided it during my deposition. Managing my finances has been difficult since I became a cadre on December 7, 2012, and my salary was drastically reduced. In order to pay my mortgage I collected payment on a personal loan during the summer of 2014. Without the repayment, I would have fallen behind on my mortgage. My car was paid off seven months prior to filing my motion for attorney representation and completing the In Forma Pauperis application. (See Exhibit D--July 19, 2015 Statement from Barbara Flynn).

My last day of employment was March 12, 2015. Since the beginning of the accusation of child abuse and up to the present time I have been plagued by health issues i.e. high blood pressure, hidradonitis, hair loss, insomnia, chronic fatigue, and depression. These issues intensified during my deposition. I completed my deposition and returned to work from March 6th through March 12th against the recommendation of my doctor. My health had been "medically managed" since that time and the doctor

explained that I could not to return to work. (See Exhibit E--March 6, 2015 letter written by Dr. Finke-Fyffe, colleague of Dr. Christoff).

I had been regularly employed with Chicago Public Schools since 2004. With the exception of hidradonitis, (which occurred when I began teaching at the Senn Achievement Academy), I did not have any of the health issues listed in my deposition or my complaint. During my tenure, I had been diligent in reporting to work. To maintain my health, I did not return to work after March 12, 2015, as per doctor's orders. (See Exhibit F--March 30, 2015 letter written by Dr. Christoff). The Board never inquired as to the reason that I had not reported to work.

The Board attorneys stated in their recent motion to dismiss my case that "if Ms. Robertson does not report to work, then she is not paid." My doctor, Dr. Eric Christoff, has realized that my cadre positions and the Board's accusations are "triggers for the worsening of my health symptoms." (See Exhibit G--May 26, 2014 Letter written by Dr. Eric Christoff). The Board's allegation that I am unemployed because I choose to be is remiss. Thus, the Board's accusation that I "misrepresented my employment status" and that I "caused" my own "unemployment" in my May, 2015 In Forma Pauperis application is untrue and is misconstrued.

Personal emails and a personal statement provide evidence that I have not committed fraud upon the court, nor been untruthful in my assertions. Neither, have I provided false or misleading testimony under deposition. The Boards attorneys have manipulated my testimony (deposition) and to be conducive to the purpose of their argument (their motion to dismiss my complaint). In doing so, the Board attorneys have defamed me, as well as they have attempted to deceive and misrepresent the truth to the court.

I appreciate the efforts of my previous attorneys, both private and court appointed. Unfortunately, my attorneys have lacked experience with and knowledge of civil rights lawsuits, thus limiting their representation and pursuit of my civil rights complaint. I believe that the court seeks justice and is forthright and steadfast in pursuit of the truth in my case. I, humbly, request the Court of the Honorable Joan B.

Gottschall to deny the Board's motion to dismiss my complaint for "materially misrepresenting (my) financial status" and grant me a qualified attorney who can adequately represent my civil rights/discrimination lawsuit and disprove the lies that Susan Lofton, the Chicago Board of Education, and their attorneys uphold and bring the facts of my case and it's truths into the light.

Respectfully submitted,

Deidre Robertson

Deidre Robertson     7/22/15

Deidre Robertson       Date

Exhibit A

**Subject:** Cadre timeline

**From:** Jones, Lois J. (LoisJones@ctulocal1.com)

**To:** dlynn2020@yahoo.com;

**Date:** Monday, December 16, 2013 5:07 PM

according to the board:

Your cadre term will end on January 1/13/14 and you will automatically be placed in day-to-day sub status. You will receive a letter with details.

Lois

Exhibit B

| **Subject:** | 1:13-cv-3205 (Robertson v. Board of Education of the City of Chicago) |
| **From:** | Johnny Douglas (johnnyadouglas@gmail.com) |
| **To:** | enjoli_fletcher@ilnd.uscourts.gov; |
| **Cc:** | kgibbons@cps.edu; rsshippee@cps.edu; |
| **Bcc:** | dlynn2020@yahoo.com; |
| **Date:** | Thursday, January 23, 2014 1:04 PM |

Ms. Fletcher:

I received notice from Ms. Gibbons that the Board has agreed to keep Ms. Robertson on the payroll as a cadre through June 30, 2014. That will provide us with enough time to decide all preliminary motions so the hearing on the temporary restraining order that was scheduled for tomorrow (Friday, January 24, 2014) will not be necessary.

Thank you,

Johnny Douglas
(c) 773-419-0817

Exhibit  C

**Subject:** Re: Early requests for personnel files

**From:** Johnny Douglas (johnnyadouglas@gmail.com)

**To:** dlynn2020@yahoo.com;

**Date:** Thursday, July 3, 2014 3:12 PM

Acknowledged. I will not make the filings that I have prepared. And, on Monday, July 7, 2014, I will withdraw the filings that I have made unless you indicate otherwise. I will also file a notice of attorney's lien at that time.

Kind regards,

On Thu, Jul 3, 2014 at 3:06 PM, Dee <dlynn2020@yahoo.com> wrote:
Mr. Douglas,

After speaking with you this morning,
I am requesting that you STOP working on my lawsuit because I do not have $5,000.00 to give you by this Friday, nor will have money in the near future.

Please acknowledge in writing that you are no longer representing me in my lawsuit against Chicago Public Schools and Susan A. Lofton or any other matter.

Respectfully,

Deidre Robertson

Exhibit D

I, Barbara Flynn, attest that on July 30, 2014 I repaid a loan to my daughter, Deidre Robertson, in the amount of $3,350.00.

_Barbara J. Flynn_
Barbara Flynn

_July 19, 2015_
Date

OFFICIAL SEAL
ARTHUR M WEISS JR
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/06/16

_Arthur M W_ — Notary Public.

Exhibit E



**Northwestern**
Medicine·
Northwestern
Medical Group

March 6, 2015

To Whom It May Concern:

Deidre Robertson is followed in our office for her medical conditions. I have advised her against returning to work at this time due to her medication condition until further notice.

If you have any questions, please contact me.

Sincerely,

Sarah Finke-Fyffe, PA
Northwestern Medical Group
Division of General Internal Medicine & Geriatrics

675 North Saint Clair Street, Suite 18-200
Chicago, Illinois 60611-5929
312-695-8630   General Internal Medicine
312-695-4525   Geriatrics
312-695-2857   Fax

Exhibit  F


**Northwestern**
Medicine
Northwestern
Medical Group

March 30, 2015

Deidre Robertson
2305 N. Oak Park Ave.
Chicago IL 60707

Ms. Robertson cannot return to work now due to health concerns including poor sleep and chronic fatigue and increased blood pressure.

She likely cannot return to work for at least 90 days from now.

Sincerely,

Eric D. Christoff, MD
Northwestern Medical Group
Division of General Internal Medicine

Exhibit G



**Northwestern**
Medicine
Northwestern
Medical Group

May 26, 2015

Re: Deidre Robertson
2305 N. Oak Park Ave.
Chicago IL 60707

Ms. Robertson has anxiety which i am medically managing and it is related to the prior employment situation at Chicago Public schools which is clearly a trigger for worsening of anxiety symptoms and raising her blood pressure.

Sincerely,

Eric D. Christoff, MD
Northwestern Medical Group
Division of General Internal Medicine
1460 N. Halsted #504
Chicago, IL 60642
312 926 3627 voice